FILED IN MY OFFICE
DISTRICT COURT CLERK
1/22/2015 10:38:01 AM
STEPHEN T. PACHECO
Salvador Hernandez

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

NO: ~~D-101-CV~~   D-101-CV-2015-00125

DOMINIC GARCIA,

    Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

## COMPLAINT FOR PAYMENT OF UNINSURED MOTORIST COVERAGE, INSURANCE BAD FAITH, VIOLATION OF THE UNFAIR INSURANCES PRACTICES ACT AND PUNITIVE DAMAGES

COMES NOW Plaintiff, Dominic Garcia through counsel, Prince, Schmidt, Korte & Baca, LLP (Vitalia Sena-Baca) and for causes of action against Defendant alleges as follows:

### GENERAL ALLEGATIONS

(1) Plaintiff, Dominic Garcia (*hereinafter* Plaintiff) is a resident of the County of San Miguel, State of New Mexico and has been at all times relevant hereto.

(2) Defendant GEICO General Insurance Company (*hereinafter* GEICO) is an insurance company licensed to do business and doing business in the State of New Mexico.

(3) All acts and omissions complained of herein occurred in the County of Santa Fe, State of New Mexico.

(4) The accident which is the subject of this complaint occurred on December 18, 2013 in the County of Santa Fe, State of New Mexico.

(5) This Court has jurisdiction over the subject matter and the Defendant, and venue lies in Santa Fe County, New Mexico.



## FACTUAL ALLEGATIONS

(6) Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

(7) Plaintiff purchased an automobile insurance policy from Defendant GEICO which was in full force and effect on December 18, 2013. Said insurance policy provided for uninsured/underinsured motorist coverage on two separate automobiles. All of those policies of uninsured/underinsured motorist coverage were in full force and effect on December 18, 2013. The insurance policy constitutes a contract of insurance.

(8) On December 18, 2013, Plaintiff was involved in an automobile accident in Santa Fe County, New Mexico. The accident was the fault of a negligent uninsured third party who while under the influence of alcohol entered the northbound lanes of travel driving in southbound direction thereby causing a horrific head-on collision.

(9) As a direct and proximate result of the negligence of the third party driver Plaintiff sustained permanent and painful personal injuries, has incurred medical expenses, lost household services, and has endured pain and suffering and loss of enjoyment of life. Due to the permanent nature of the injuries Plaintiff will continue to incur medical expenses and to endure pain and suffering and loss of enjoyment of life in the future.

(10) Plaintiff had a legal right to recover damages from the at fault driver because that driver was negligent and caused Plaintiff's injuries. The at fault driver had no liability insurance coverage and Plaintiff did not recover any money from the at fault driver.

(11) Under the contract of insurance, Defendant GEICO is obligated to compensate

2

Plaintiff for damages he is legally entitled to recover from the uninsured driver who caused his injuries. These damages include but are not limited to medical bills, loss of household services, loss of enjoyments of life, pain and suffering and punitive damages.

(12) Plaintiff made a policy limits demand on Defendant GEICO to compensate him for his damages. Defendant GEICO has refused to pay the amount necessary to compensate Plaintiff for his damages.

(13) Plaintiff is entitled to such payment pursuant to the uninsured/underinsured motorist coverage in the contract of insurance he purchased from Defendant GEICO which was in full force and effect at the time of the accident.

## COUNT I - INSURANCE BAD FAITH

(14) Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

(15) Plaintiff is an insured under the policy of insurance issued to him by Defendant GEICO.

(16) Plaintiff has performed all duties and obligations required of him in a timely manner as required under the terms of his policy issued by Defendant GEICO, including paying premiums.

(17) Plaintiff suffered a loss compensable under the terms of the policy when Plaintiff was involved in an accident caused by an uninsured third party.

(18) Defendant GEICO has a duty to act in good faith and to deal fairly with Plaintiff.

(19) Defendant GEICO willfully, recklessly, and without regard for the rights of Plaintiff, breached the duty of good faith and fair dealing owed to Plaintiff by knowingly committing the following acts:

3

(a) Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

(b) Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

(c) Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insureds' claims in which liability has become reasonably clear;

(d) Compelling Plaintiff to institute this litigation to recover amounts due under his policy;

(f) Failing to promptly provide Plaintiff a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

(20) As a direct and proximate result of this accident, Plaintiff has sustained damages, including but not limited to, past and future medical billings, past and future pain and suffering, loss of enjoyment of life and permanent injuries.

(21) Plaintiff is entitled to recover his attorneys fees and costs in pursuing this action pursuant to §39-2-1 NMSA 1978 (1953).

### COUNT II - VIOLATION OF UNFAIR INSURANCE PRACTICES ACT

(22) Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

(23) At all times material, there was in the State of New Mexico a statute NMSA 1984, §59A-16-20, (1997) (hereinafter the "Unfair Insurance Practices Act") defining and prohibiting certain unfair and deceptive insurance practices.

4

(24) The actions of Defendant GEICO, its agents and employees as set forth above constitute unfair insurance trade practices prohibited by NMSA 1984, §59A-16-1 through §59A-16-30.

(25) Defendant GEICO has breached the Unfair Insurance Practices Act by knowingly committing the following acts:

    (a) Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

    (b) Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

    (c) Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insureds' claims in which liability has become reasonably clear;

    (d) Compelling Plaintiff to institute this litigation to recover amounts due under his policy; and

    (e) Failing to promptly provide Plaintiff a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

(26) As a direct and proximate result of Defendant GEICO's breach of the Unfair Insurance Practices Act, Plaintiff has sustained damages, including but not limited to, past and future medical billings, past and future pain and suffering, loss of enjoyment of life, and permanent injuries.

(27) Plaintiff is entitled to recover his attorneys fees and costs in pursuing this action pursuant to NMSA 1978, §39-2-1 (1953).

## COUNT III - PUNITIVE DAMAGES

(28) Plaintiff incorporates herein by this reference the allegations contained in all preceding paragraphs as though fully set forth in full herein.

(29) Defendant GEICO's actions were meant to not only delay but ultimately to refuse to pay a fair settlement under the insurance contract of the amount actually due.

(30) Defendant GEICO's conduct and actions alleged throughout this Complaint were so willful, wanton, reckless, grossly negligent, or without due regard for the rights of Plaintiff that Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant GEICO in an amount sufficient to compensate him for his damages, including punitive damages for the tortfeasor's negligence, for his costs herein, for pre- and post-judgment interest, costs and attorneys' fees incurred by virtue of Defendant GEICO's violations of Section 59A-16-20, NMSA. Plaintiff also respectfully requests an award of actual and punitive damages occasioned by Defendant GEICO's bad faith in this matter, for an award of punitive damages against Defendant GEICO for its improper and willful conduct in this matter, and for such other and additional relief as this court deems just and proper.

PRINCE, SCHMIDT, KORTE & BACA, LLP

/s/ *Vitalia Sena-Baca, Attorney at Law*
Vitalia Sena-Baca
2905 Rodeo Park Drive East
Building 2
Santa Fe, NM 87505
(505) 982-5380

6

**STATE OF NEW MEXICO**
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INSURANCE**
John G. Franchini – (505) 827-4299

**Service of Process**
Room 434
(505) 827-1291

**ACTING DEPUTY SUPERINTENDENT**
Alan Seeley – (505) 827-4307

January 28, 2015

GEICO General Insurance Co.
Legal Dept. - Gregory S. Jacobi.
4201 Spring Valley Rd.
Dallas, TX 75244

Re: Dominic Garcia Vs GEICO General Insurance Company
D101CV2015-00125

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons and a Complaint for Payment of Uninsured Motorist Coverage Insurance Bad Faith, Violation of the Unfair Insurance Practices Act and Punitive Damages, in the State of New Mexico on the above styled cause. Service has been accepted on your behalf as of January 28, 2015.

Respectfully,

*John D. Franchini*

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL  7012 3460 0000 1405 4405

## SUMMONS

| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268/225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2015-00125<br><br>Assigned Judge:<br>Honorable Francis J. Mathew |
|---|---|
| Plaintiff(s):<br>Dominic Garcia<br>v.<br>Defendant(s):<br>GEICO General Insurance Company | Defendant<br>Name: GEICO General Insurance Company<br>Address:<br>c/o Office of Supt. Of Insurance<br>PERA Building<br>Santa Fe, New Mexico |

TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 26th day of January, 2015.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
   Deputy

/s/ Vitalia Sena-Baca, Attorney at Law
Signature of Attorney for Plaintiff/Pro Se Party
Name: Vitalia Sena-Baca
Address: 2905 Rodeo Park Drive E, Bldg. 2
Santa Fe, NM 87505
Telephone No.: 505-982-5380

Fax No.: 505-986-9176
Email Address: Vitalia@pskattorneys.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

RETURN[1]

STATE OF NEW MEXICO  )
                     )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

(check one box and fill in appropriate blanks)

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____(name of person), _____, (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

_____
Title (if any)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]